UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

CHRISTOPHER J. COPLEY,

        Petitioner,

v.                                              CASE NO. 2:10-cv-12474
                                              HONORABLE DENISE PAGE HOOD

MICHIGAN DEPARTMENT OF
CORRECTIONS, WARDEN WHITE, and
THE MICHIGAN DEPARTMENT OF
CORRECTIONS PAROLE BOARD,

        Respondents.

## ORDER TRANSFERRING THE HABEAS PETITION TO THE
## COURT OF APPEALS AS A SECOND OR SUCCESSIVE PETITION

Petitioner Christopher J. Copley is a state prisoner currently incarcerated in Jackson, Michigan. He has filed a *pro se* habeas corpus petition under 28 U.S.C. §§ 2241 and 2254. The petition challenges Copley's 1991 conviction and sentence of one to twenty years for larceny by conversion. The petition also appears to challenge a restitution order or condition for release on parole.

Petitioner challenged the same conviction for larceny by conversion in habeas petitions filed in 2001, 2006, and 2008. Chief United States District Judge Gerald E. Rosen dismissed the first petition because it was barred from review by the one-year statute of limitations. *See Copley v. Kapture*, No. 01-cv-72754 (E.D. Mich. Mar. 27, 2002). The subsequent petitions were transferred to the Court of Appeals as second or successive petitions. *See Copley v. Oakland County Circuit Court, et al.,* No. 06-12435 (E.D. Mich. July 27, 2006); *Copley v. Oakland County Prosecutor, et* al., No. 08-12058 (E.D. Mich.

June 11, 2008). Petitioner also filed two habeas petitions in which he unsuccessfully raised parole issues. *See Copley v. Kapture*, No. 01-72549 (E.D. Mich. Feb. 20, 2002); *Copley v. Oakland County Prosecutor, et al.*, No. 06-14446 (E.D. Mich. Feb. 13, 2007).

In the Antiterrorism and Effective Death Penalty Act of 1996,

> Congress established a "gatekeeping" mechanism for the consideration of "second or successive habeas corpus applications" in the federal courts. *Felker v. Turpin*, 518 U.S. 651, 657, 116 S. Ct. 2333, 2337, 135 L. Ed. 2d 827 (1996); § 2244(b). An individual seeking to file a "second or successive" application must move in the appropriate court of appeals for an order directing the district court to consider his application. [28 U.S.C.] § 2244(b)(3)(A).

*Stewart v. Martinez-Villareal*, 523 U.S. 637, 641, 118 S. Ct. 1618, 1620, 140 L. Ed. 2d 849 (1998). In a more recent opinion, the Supreme Court succinctly explained that, "[i]f an application is 'second or successive,' the petitioner must obtain leave from the Court of Appeals before filing it with the district court." *Magwood v. Patterson*, __ S. Ct. __, __, No. 09-158, 2010 WL 2518374, at *7 (U.S. June 24, 2010) (citing 28 U.S.C. § 2244(b)(3)(A)). When a habeas petitioner files a second or successive petition for habeas corpus relief in the district court without authorization from the Court of Appeals, the district court must transfer the case to the Court of Appeals pursuant to 28 U.S.C. § 1631.[1] *Sims v. Terbush*, 111 F.3d 45, 47 (6th Cir. 1997).

Petitioner has not acquired authorization from the Court of Appeals to file still

---

[1] Section 1631 provides in pertinent part that:

> [w]henever a civil action is filed in a court . . . and that court finds that there is a want of jurisdiction, the court shall, if it is in the interest of justice, transfer such action . . . to any other such court in which the action . . . could have been brought at the time it was filed . . . , and the action . . . shall proceed as if it had been filed in . . . the court to which it is transferred on the date upon which it was actually filed in . . . the court from which it was transferred.

2

another habeas petition. Consequently, the Clerk of Court is **ORDERED** to transfer this case to the Court of Appeals for a determination of whether this Court may consider the petition.

S/Denise Page Hood
Denise Page Hood
United States District Judge

Dated: July 27, 2010

I hereby certify that a copy of the foregoing document was served upon Christopher J. Copley, Reg. No. 153014, Charles Egeler Correctional Facility, Center Annex, 3855 Cooper St., Jackson, Michigan 49201 and counsel of record on July 27, 2010, by electronic and/or ordinary mail.

S/William F. Lewis
Case Manager